■ 8902 CORPORATION et al., Appellants, v HELMSLEY-SPEAR, INC., et al., Respondents. [804 NYS2d 725]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered September 30, 2004, which, in an action by a commercial tenant and its principal (Leahy) against the landlord and managing agent arising out of the termination of the parties' lease, inter alia, granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to reinstate Leahy's first cause of action for conversion, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about October 18, 2004, unanimously dismissed as abandoned, without costs.

The tenant does not claim any legally cognizable interest in the personal property that, as conceded by defendants for present purposes, remained on the premises after the tenant's eviction. Accordingly, the tenant has no cause of action for conversion. However, as to Leahy, who claims to be the owner of such personalty, an issue of fact exists as to whether defendants unreasonably denied him access to the premises after the eviction, raised by, inter alia, Leahy's claim that he orally requested access multiple times but was refused (see Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957]). We affirm in all other respects. Plaintiffs' allegations of conversion do not warrant an award of punitive damages (see Boston Concessions Group v Criterion Ctr. Corp., 250 AD2d 435, 436 [1998]; see also Don Buchwald & Assoc. v Rich, 281 AD2d 329, 330 [2001]). The cause of action for breach of contract was properly dismissed on the ground that plaintiffs never provided defendants with financial information about their prospective assignee as required by the lease, lacking which defendants cannot be found to have unreasonably withheld their consent to the requested assignment (see 200 Eighth Ave. Rest. Corp. v Daytona Holding Corp., 293 AD2d 353 [2002]). Dismissal of the cause of action

for breach of contract necessarily requires dismissal of the cause of action for tortious interference with its prospective business relations, the claimed interference with the prospective assignee being a mere incident of the claimed breach of contract (*see Rodriguez-Nunci v Clinton Hous. & Dev. Co.*, 241 AD2d 339 [1997]). The cause of action for bailment was properly dismissed for lack of evidence of an agreement by defendants to maintain the personal property left on the premises (*see Funding Assistance Corp. v Mashreq Bank*, 277 AD2d 127 [2000]). Concur—Friedman, J.P., Sullivan, Nardelli, Williams and Sweeny, JJ.