JOHN E. MILLER JR., Appellant, v JUSTIN MARCHUSKA et al., Respondents. [819 NYS2d 591]—

Kane, J. Appeal from an order of the Supreme Court (Hester, Jr., J.), entered August 10, 2005 in Broome County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff entered into a land contract agreement to purchase the commercial property where he operated his business as an auto mechanic. He lost touch with the property owner and discontinued payments, including tax payments. Broome County commenced a tax foreclosure proceeding and sold the property to defendant No Problem, LLC. No Problem served plaintiff with a notice to quit the premises, then commenced an eviction proceeding. Vestal Town Court issued a warrant of eviction in No Problem's favor, authorizing the Broome County Sheriff to remove plaintiff from the premises. The Vestal Town Constable served the warrant of eviction and delivered possession to No Problem, with No Problem agreeing to remove and safeguard plaintiff's personal property. No Problem hired defendant Rogers Service Group, Inc. to remove and store plaintiff's tools and equipment, and defendant Robert C. Klock to tow and store several of plaintiff's vehicles that were on the premises. When plaintiff later demanded the return of his property, defendants refused to turn it over until plaintiff paid the removal and storage costs.

Plaintiff commenced this conversion action seeking return of his property and damages resulting from defendants' retention of it. Defendants counterclaimed for, among other things, reimbursement for the storage and removal costs. Supreme Court partially granted defendants' summary judgment motion by dismissing the complaint, granting defendants summary judgment on the liability aspect of their counterclaim for storage and removal costs, and ordering a hearing to determine the amount of defendants' damages. Plaintiff appeals.

Plaintiff's property was lawfully removed from the premises. Plaintiff concedes that Town Court had the authority to issue a warrant of eviction and he did not appeal from that proceeding. Although the warrant named the Sheriff, a town constable is included in the statute's list of authorized persons to whom an eviction warrant may be issued (*see* RPAPL 749 [1]). The Vestal Town Constable carried out the court order and completed his ministerial duty by providing notice and executing the warrant as statutorily prescribed (*see* RPAPL 749 [1], [2]). As plaintiff does not contest the issuance of the eviction warrant and is in the same position that he would have been had the Sheriff executed the warrant, the Constable's execution of the warrant did not prejudice plaintiff nor did it invalidate the warrant.

Plaintiff's main contention is that his action for conversion of personal property should have been decided in his favor and his property should have been returned to him, along with a judgment for damages related to the wrongful retention of that property. Conversion is an unauthorized exercise of dominion and control over property by someone other than the owner, where such control interferes with and is in defiance of the superior possessory right of the owner or another person (*see Kranz v Town of Tusten*, 236 AD2d 675, 676 [1997]; *Meese v Miller*, 79 AD2d 237, 242 [1981]). While one dispossessed of real property through an eviction has an obligation to remove his or her personal property, and the owner of such real property may recover reasonable expenses for the removal of goods left on the premises, retention by the owner of goods belonging to the dispossessed person after demand for their return constitutes conversion (*see Congregation Anshe Sefard of Keap St. v Title Guar. & Trust Co.*, 291 NY 35, 39 [1943]). Plaintiff established that he is the owner of the subject personal property, defendants had such property in their possession and they refused to return the property to him upon his demand (*see 8902 Corp. v Helmsley-Spear, Inc.*, 23 AD3d 316, 316 [2005]). Accordingly, plaintiff has established a prima facie case for conversion unless a lien or liens existed granting defendants superior possessory rights. Because we find that no liens existed, we reverse Supreme Court's dismissal of plaintiff's conversion cause of action and grant him summary judgment on liability.

Defendants fail to explain the basis for their alleged liens on plaintiff's property. Storage companies, trucking companies and those towing motor vehicles are granted statutory liens provided that they comply with the statutory requirements (*see* Lien Law §§ 182 [storage facilities], 184 [bailees of motor vehicles], 187 [truckers]; UCC 7-210 [warehouse operators]). The record does

not disclose proof that any defendant established a valid statutory lien. Defendants are not entitled to an equitable lien, which requires an express or implied agreement that a lien encumber specific property, i.e., that specific property is being given to secure an obligation (*see Teichman v Community Hosp. of W. Suffolk*, 87 NY2d 514, 520 [1996]; *James v Alderton Dock Yards*, 256 NY 298, 303 [1931]; *Liselli v Liselli*, 263 AD2d 468, 469 [1999], *lv denied* 94 NY2d 751 [1999]; *Thorne Real Estate v Nezelek*, 100 AD2d 651, 652 [1984]). The parties had no agreement at all, let alone one authorizing a lien against plaintiff's tools, equipment and vehicles (*see Funding Assistance Corp. v Mashreq Bank*, 277 AD2d 127, 128 [2000]; *compare Matter of Hedick v Halstead*, 13 AD3d 755, 755 [2004]). Courts should not permit a party to assert an equitable lien in a case which is essentially one for money owed, as the party has an adequate remedy at law to collect the debt (*see James v Alderton Dock Yards, supra* at 304; *Liselli v Liselli, supra* at 469).

As no valid lien existed, defendants were required to turn the property over to plaintiff upon demand. Their failure to do so amounted to a conversion, entitling plaintiff to recover his property and damages for its wrongful retention. No Problem was entitled, however, to recover the reasonable removal and storage costs (*see Congregation Anshe Sefard of Keap St. v Title Guar. & Trust Co., supra* at 39). Supreme Court properly granted No Problem summary judgment on liability for the counterclaim seeking such costs. Upon a hearing to establish damages due No Problem, the court must evaluate the reasonable costs of removal and storage only until the time when plaintiff demanded return of his property, as defendants should have returned it at that time and would not have incurred any additional storage costs (*cf. Matter of Young v Warehouse No. 2*, 143 Misc 2d 350, 352 [1989]). The remaining defendants had no relationship with plaintiff and are not entitled to recover anything from him, but must look to No Problem and defendant Justin Marchuska, the parties who contracted with them for storage and removal services (*see id.*).

Crew III, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion dismissing the conversion cause of action and as granted defendants' motion as to liability on their counterclaims; motion denied to that extent, summary judgment granted to plaintiff as to liability on his conversion cause of action and counterclaims dismissed as to all defendants except defendant No Problem, LLC; and, as so modified, affirmed.