■ LONG BEACH TANGO, LLC, Appellant-Respondent, v MSBA CORP. et al., Respondents-Appellants, et al., Defendants. [864 NYS2d 783]—In an action, inter alia, to recover unpaid rent, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (DeMaro, J.), entered July 16, 2007, as denied, in part, its cross motion for summary judgment against the defendant Samuel Marelli based on piercing the corporate veil of the defendant MSBA Corp., and granted that branch of its cross motion which was for leave to enter a

judgment against the defendant MSBA Corp. and the defendant Samuel Marelli in the principal sum of $399,477.25 only to the extent of directing an inquest on the issue of damages as to the defendant MSBA Corp.; and the defendants MSBA Corp. and Samuel Marelli cross-appeal, as limited by their brief, from so much of the same order as denied their motion for leave to amend their answer to include an additional affirmative defense of surrender.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff commenced this action to recover unpaid rent from the corporate defendant, MSBA Corp. (hereinafter MSBA), pursuant to a lease for commercial property in Long Beach. The plaintiff also sought to pierce the corporate veil to recover from the defendant Samuel Marelli, who allegedly was the sole shareholder who dominated MSBA during the relevant time period.

Contrary to the plaintiff's contention, the Supreme Court properly denied that branch of its cross motion which was for summary judgment against Marelli, as it failed to meet its burden of establishing its prima facie entitlement to judgment as a matter of law (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]; *Damianos Realty Group, LLC v Fracchia*, 35 AD3d 344 [2006]; *Treeline Mineola, LLC v Berg*, 21 AD3d 1028 [2005]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Contrary to the contention of MSBA and Marelli, the Supreme Court properly denied their motion for leave to amend their answer to add an additional affirmative defense of surrender (*see generally Lucido v Mancuso*, 49 AD3d 220 [2008]).

The parties' remaining contentions are without merit. Skelos, J.P., Fisher, Dickerson and Belen, JJ., concur.