■ FERNBACH, LLC, Appellant-Respondent, v RUTH CALLEO et al., Respondents-Appellants. [939 NYS2d 501]—

In March 2008 the plaintiff commenced an action against Calleo Construction Corp. (hereinafter CCC), seeking to recover damages for breach of contract. On January 15, 2010, a judgment was entered in that action in favor of the plaintiff and against CCC in the principal sum of $496,134.87. After the plaintiff's enforcement efforts proved unsuccessful, it commenced this action against CCC's sole shareholder, Gino Calleo, Gino's wife, Ruth Calleo, Gino's brother, Pietro Calleo, and Gramercy Park Mews Partnership, LLC (hereinafter Gramercy), a limited liability company owned 50% by Gino and 50% by Pietro, seeking to set aside certain transfers of CCC's cash assets as fraudulent pursuant to Debtor and Creditor Law article 10, and to pierce CCC's corporate veil and hold the defendants

liable for the judgment on the theory that they acted as alter egos of the corporation. The plaintiff subsequently moved for summary judgment on the complaint, and the defendants cross-moved for summary judgment dismissing the complaint. The Supreme Court denied both the plaintiff's motion and the defendants' cross motion. The plaintiff appeals, the defendants cross-appeal, and we modify.

The Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint. Generally, a plaintiff seeking to pierce the corporate veil must show that "complete domination" was exercised over a corporation with respect to "the transaction[s] attacked," and that "such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]; *see TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339 [1998]). In addition, "the corporate veil will be pierced to achieve equity, even absent fraud, '[w]hen a corporation has been so dominated by an individual or another corporation and its separate entity so ignored that it primarily transacts the dominator's business instead of its own and can be called the other's alter ego' " (*Matter of Island Seafood Co. v Golub Corp.*, 303 AD2d 892, 893 [2003], quoting *Austin Powder Co. v McCullough*, 216 AD2d 825, 827 [1995]; *see John John, LLC v Exit 63 Dev., LLC*, 35 AD3d 540, 541 [2006]). Here, the plaintiff's evidentiary submissions were insufficient to demonstrate, as a matter of law, that the defendants used their alleged domination over CCC to commit a wrong or injustice against the plaintiff, or that they in fact so dominated CCC that they can be called the corporation's alter egos (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135 [1993]; *Long Beach Tango, LLC v MSBA Corp.*, 55 AD3d 686, 687 [2008]; *Damianos Realty Group, LLC v Fracchia*, 35 AD3d 344, 345 [2006]; *Matter of Island Seafood Co. v Golub Corp.*, 303 AD2d at 895). Further, the plaintiff failed to make a prima facie showing of entitlement to judgment as a matter of law on its causes of action pursuant to Debtor and Creditor Law article 10, because its submissions failed to eliminate all triable issues of fact regarding, inter alia, whether the challenged transfers were made in good faith to satisfy antecedent debts (*see* Debtor and Creditor Law § 272 [a]; *Northpark Assoc., L.P. v S.H.C. Mergers, Inc.*, 8 AD3d 642, 643-644 [2004]; *Matter of American Inv. Bank v Marine Midland Bank*, 191 AD2d 690, 692 [1993]). Thus, regardless of the sufficiency of the defendants' opposition papers, the plaintiff's motion for summary judgment was properly denied.

Gino, Ruth, and Gramercy failed to establish their prima

facie entitlement to judgment as a matter of law because their evidentiary submissions failed to eliminate all triable issues of fact as to whether they exercised complete domination and control over CCC, if so, whether they exercised such domination and control to commit a wrong or injustice against the plaintiff, and whether they were alter egos of the corporation (*see Commissioners of the State Ins. Fund v Ramos*, 80 AD3d 447 [2011]; *Ledy v Wilson*, 38 AD3d 214, 215 [2007]). Gino, Ruth, and Gramercy additionally failed to eliminate all triable issues of fact as to whether the challenged transfers were fraudulent conveyances pursuant to Debtor and Creditor Law article 10 (*see Liberty Co. v Boyle*, 272 AD2d 380, 382 [2000]; *Rebh v Rotterdam Ventures*, 252 AD2d 609, 611 [1998]; *Glasser v Kashinsky*, 237 AD2d 252 [1997]). Thus, the Supreme Court properly denied those branches of the defendants' cross motion which were for summary judgment dismissing the complaint insofar as asserted against Gino, Ruth, and Gramercy, regardless of the sufficiency of the plaintiff's opposition papers.

However, the Supreme Court should have granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against Pietro. Pietro made a prima facie showing that he engaged in no business transactions with CCC, that he received no transfers of the corporation's assets, that he exercised no control or dominion over the corporation, and that he was not its alter ego. In opposition, the plaintiff failed to raise a triable issue of fact. Mastro, A.P.J., Angiolillo, Eng and Cohen, JJ., concur. **[Prior Case History: 2011 NY Slip Op 31505(U).]**