*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 16, 2014                    517651
_____

BURTON F. CLARK, INC., et al.,
   Doing Business as CLARK
   COMPANIES,
                    Respondents,

       v

HILLSIDE COMPANIES, INC.,                    MEMORANDUM AND ORDER
   Formerly Known as HILLSIDE
   HOMES AND DEVELOPMENT
   CORPORATION, Doing Business
   as HILLSIDE COMMERCIAL
   CONTRACTING, et al.,
                    Appellants.

_____


Calendar Date:   September 10, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Devine, JJ.

_____

        Lewis & Greer, PC, Poughkeepsie (J. Scott Greer of
counsel), for appellants.

        Young Sommer, LLC, Albany (Joseph F. Castiglione of
counsel), for respondents.

_____


Lahtinen, J.P.

        Appeals (1) from an order of the Supreme Court (Lambert,
J.), entered March 26, 2013 in Delaware County, which, among
other things, granted plaintiffs' motion for partial summary
judgment, and (2) from the judgment entered thereon.

        Plaintiffs – subcontractors on a 2006 construction project
– obtained a judgment in September 2010 for $166,877 plus

interest and costs against the general contractor, defendant Hillside Companies, Inc. (hereinafter the corporation). In an effort to fully recover on that judgment, plaintiffs, among other things, commenced this litigation against defendants Michael Perez and Robert Tompkins – the corporation's owners and officers – as well as against the corporation and two related entities alleging unjust enrichment and seeking to pierce the corporate veil to reach Perez and Tompkins (hereinafter collectively referred to as the owners). Defendants' pre-answer motion to dismiss was denied. After issue was joined but before discovery, plaintiffs moved for summary judgment against the owners, and defendants cross-moved for partial summary judgment. Defendants' motion was denied. However, finding as a matter of law that the corporation's veil should be pierced, Supreme Court granted plaintiffs' motion and also awarded counsel fees to plaintiffs. Defendants appeal.

Piercing the corporation veil requires proof that: "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in [the] plaintiff's injury" (Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141 [1993]). This has been characterized as a "heavy burden" (TNS Holdings v MKI Sec. Corp., 92 NY2d 335, 339 [1998]) that generally is not well suited for summary judgment (see Klein v CAVI Acquisition, Inc., 57 AD3d 376, 377 [2008]), particularly since such relief "will necessarily depend on the attendant facts and equities" (Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d at 141).

In seeking to pierce the corporate veil, plaintiffs, among other things, point to large unsecured loans made by the corporation to the owners during 2006 and 2007. The record reflects that most – if not all – of the unsecured loans were made before plaintiffs asserted their claim near the end of 2007 against the corporation regarding payment for work on the 2006 project and, at such time, the project owner had withheld payment to the corporation based on the project owner's complaints about

plaintiffs' work.[1]  The corporation had paid plaintiffs $1,063,088 of the agreed amount of $1,229,965.  Since the loans mostly predated plaintiffs' claim and there was arguably a legitimate concern regarding whether plaintiffs were entitled to the remaining balance, this record fails to establish as a matter of law that the loans resulted from fraud or a wrong by the owners intended to harm plaintiffs.

Further, there is evidence that, at the end of 2007, the corporation still had considerable assets.  The owners assert that, during the relevant time, they obtained funds for the corporation that were secured by their assets.  The downturn in the construction industry purportedly then affected the corporation's business.  The record does not clearly indicate that the corporation was purposefully drained of funds and rendered incapable of paying the judgment during the pertinent time.  In fact, there is little evidence in the record about the financial condition of the corporation after 2007.  The proof in the record, viewed most favorably to the owners as the opponents of summary judgment, does not support the conclusion that corporate formalities had been disregarded to such a degree that the corporate veil should be pierced.  There are triable issues regarding piercing the corporate veil.[2]

We find no merit in defendants' contention that their cross motion should have been granted.  There is ample evidence in the

---

[1]  Plaintiffs' claim was filed in November 2007 as a counterclaim in an action brought by the corporation regarding plaintiffs' allegedly defective work in the 2006 project. Apparently, the owner of that project eventually accepted plaintiffs' work in 2009 and made a final payment to the corporation.

[2]  Although our reversal of summary judgment granted to plaintiffs necessarily vacates the award of counsel fees, we note that such fees generally are not recoverable unless authorized by statute, court rule or a written agreement of the parties (see Baker v Health Mgt. Sys., 98 NY2d 80, 88 [2002]) — none of which are reflected in this record.

record, viewed most favorably to plaintiffs as to this issue, that summary judgment was not warranted (see Rosplock v Upstate Mgt. Assoc., Inc., 108 AD3d 825, 828 [2013]; Lally v Catskill Airways, 198 AD2d 643, 644-645 [1993]).  The remaining issues, to the extent not academic, are unavailing.

McCarthy, Rose, Lynch and Devine, JJ., concur.


ORDERED that the order and judgment are modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' motion for partial summary judgment and awarded damages; motion denied; and, as so modified, affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court