KAIN DEVELOPMENT, LLC, Respondent-Appellant, v KRAUSE PROPERTIES, LLC, et al., Appellants-Respondents, et al., Defendants. [14 NYS3d 520]—

---

McCarthy, J.P. Cross appeals from an order of the Supreme Court (Crowell, J.), entered March 10, 2014 in Saratoga County, which, among other things, partially granted a motion by defendants Krause Properties, LLC and Gail Krause for summary judgment dismissing the amended complaint against them.

In October 2005, plaintiff entered into a contract for the purchase and sale of certain real property with defendant Krause Properties, LLC whereby plaintiff was to purchase approximately 17 acres of waterfront property, located along the Mohawk River in the Town of Halfmoon, Saratoga County, for the purpose of constructing, among other things, a residential condominium project. The purchase price to Krause Properties was to be the sum total equal to $19,642.88 per condominium unit for which the project ultimately obtained approvals, up to a maximum sale price of $6.3 million. In addition, plaintiff executed a $760,000 promissory note in favor of Krause Properties, secured by a mortgage on certain real property. In the event that the contract was terminated pursuant to its terms, Krause Properties agreed to repay certain funds advanced by plaintiff.

In July 2013, plaintiff commenced the instant action seeking to, among other things, foreclose the mortgage on the property and recoup those monies previously advanced to Krause Properties and to the president of Krause Properties, defendant Gail Krause (hereinafter collectively referred to as the Krause defendants). Eventually, plaintiff filed an amended verified complaint setting forth causes of action seeking foreclosure pursuant to RPAPL article 13, damages for breach of contract, return of converted funds, foreclosure of an equitable lien and imposition of a constructive trust. The Krause defendants answered and asserted a counterclaim for breach of contract. Subsequently, the Krause defendants moved for, among other things, summary judgment dismissing the amended complaint and discharge of the subject mortgage. Plaintiff responded and cross-moved for the disqualification of the Krause defendants' counsel based on a purported conflict of interest. Thereafter, Supreme Court, among other things, denied plaintiff's motion to disqualify the Krause defendants' counsel and partially granted the Krause defendants' summary judgment motion by dismissing (1) plaintiff's amended complaint as against Krause, individually, and (2) plaintiff's third cause of action for conversion. The Krause defendants now appeal and plaintiff cross-appeals.

Initially, Supreme Court properly found that disqualification of the Krause defendants' counsel, Michele Anderson, was not warranted. As is relevant here, "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.9 [a]; *see* former Code of Professional Responsibility DR 5-108 [a] [1] [22 NYCRR 1200.27 (a) (1)]; *Campbell v McKeon*, 75 AD3d 479, 480-481 [2010]).[1] Plaintiff's proof that it had provided payment to Anderson was not inconsistent with Anderson's sworn statement that such payments were made on behalf of Krause for legal services that Anderson provided to her. In the absence of any other proof indicating that Anderson had an attorney-client relationship with plaintiff—not to be confused with the proof merely indicating that Anderson worked with plaintiff as a result of her representation of the Krause defendants and regarding projects for which the relevant parties' interests were aligned—plaintiff failed to meet its burden of establishing a conflict of interest for which disqualification would be justified or appropriate (*see Abselet v Satra Realty, LLC*, 85 AD3d 1406, 1407 [2011]; *Cunningham v Anderson*, 66 AD3d 1207, 1209 [2009], *lv denied* 14 NY3d 710 [2010]).

Next, the Krause defendants argue that this Court should dismiss this action due to a prior pending action with the same parties based upon the same causes of action (*see generally* CPLR 3211 [a] [4]). Although the Krause defendants at various times recited facts related to the allegedly prior pending action, it never requested that Supreme Court dismiss the instant action on that basis. Accordingly, this argument is not preserved for our review (*see Hush v Taylor*, 84 AD3d 1532, 1533 [2011]).

In addition, we reject plaintiff's argument that the Krause defendants' motion for summary judgment should be denied in its entirety to allow plaintiff to conduct further discovery. As to this issue, plaintiff failed to establish through proof that any of the Krause defendants had exclusive knowledge and possession of material facts necessary to oppose the motion (*see Millington v Kenny & Dittrich Amherst, LLC*, 124 AD3d 1108,

---

1. Certain conduct underlying the argument (i.e., the alleged representation of plaintiff) occurred as early as 2007 and, therefore, the cross motion alleges conduct that occurred both prior to and after April 1, 2009, the effective date of the Rules of Professional Conduct.

1109 [2015]; *2 N. St. Corp. v Getty Saugerties Corp.*, 68 AD3d 1392, 1395-1396 [2009], *lv denied* 14 NY3d 706 [2010]).

Turning to the merits of the Krause defendants' motion, they established as a matter of law that plaintiff repudiated the contract, warranting dismissal of plaintiff's breach of contract cause of action. "Anticipatory repudiation occurs when a party attempt[s] to avoid its obligations by advancing an untenable interpretation of the contract" (*Fonda v First Pioneer Farm Credit, ACA*, 86 AD3d 693, 694 [2011] [internal quotation marks and citations omitted]). Upon a showing of such anticipatory repudiation, the nonrepudiating party is entitled to forgo further performance and to claim damages for total breach (*see id.* at 694-695; *O'Connor v Sleasman*, 14 AD3d 986, 987-988 [2005]).

The plain terms of the contract allowed plaintiff to terminate the contract upon certain conditions. In order to effectuate such termination, the contract required plaintiff to provide written notice within three days of the expiration of the "Inspect Period (the *Due Diligence Deadline*)" as to certain contingencies and written notice by either the last day of the "Approvals Contingency Period" or "Financing Contingency Period" in regard to the remaining and respective contingencies allowing for such termination. Per the terms of the contract, both the "Approvals Contingency Period" and the "Financing Contingency Period" commenced upon the "Due Diligence Deadline" and ended 36 months thereafter. Therefore, according to the plain terms of the contract, plaintiff's entitlement to terminate the contract upon any described contingency expired no later than 36 months after the due diligence period expired.

Turning to the expirations of the aforementioned deadlines, the contract further explicitly provided that the legal counsel to the parties to the contract were authorized to execute by letter any agreement to "extend or adjourn" deadlines described in the agreement. The Krause defendants submitted an April 2006 letter from plaintiff's counsel asserting that it served as the "Due Diligence Termination Notice" unless the Krause defendants chose to grant an additional 90-day extension to the due diligence deadline. Although there is an issue of fact as to whether the Krause defendants granted that 90-day extension, a September 2006 letter from plaintiff's counsel renders such issue immaterial. The September letter acknowledges that plaintiff "w[ould] continue to proceed" under the contract "rather than . . . cancelling the contract under the Due Diligence contingency."

Therefore, the unrebutted evidence established that plain-

tiff's objective manifestations did not terminate the contract pursuant to any relevant contingency during the due diligence period and that such period expired in 2006, triggering the commencement of both the "Approvals Contingency Period" and the "Financing Contingency Period" (*see generally Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397, 399 [1977]; *Sokoloff v National City Bank of N.Y.*, 239 NY 158, 170 [1924]). Both the aforementioned periods expired, according to the terms of the contract, 36 months thereafter, or in 2009. The Krause defendants and plaintiff submitted consistent evidence that plaintiff thereafter contacted Krause in June 2012 and attempted to terminate the contract pursuant to a contingency related to governmental approvals.

Accordingly, regardless of whether plaintiff was entitled, at some point, to terminate the contract pursuant to the terms of the agreement, the unambiguous terms of the contract and any related agreements as to extensions established that the various periods allowing for such termination all had expired no later than 2009. Further, contrary to plaintiff's contention that it provided termination notice in its April 2006 letter,[2] its own representation in the September 2006 letter was that it had not terminated the agreement and that it wished to proceed pursuant to the contract and other negotiated agreements, the latter of which were unrelated to any of the aforementioned extension periods. Given plaintiff's and the Krause defendants' agreement that plaintiff unequivocally stated its intention to stop performing pursuant to the contract in June 2012, and given that the Krause defendants established as a matter of law that plaintiff repudiated, rather than terminated, the contract at that point in time, plaintiff's breach of contract cause of action must be dismissed.

The Krause defendants also established their entitlement to judgment as a matter of law dismissing the cause of action for an equitable lien upon the Canal Properties that Krause purchased in her own name and with plaintiff's funds. A cause of action for an equitable lien "is dependent upon some agreement express or implied that there shall be a lien upon specific property" (*James v Alderton Dock Yards*, 256 NY 298, 303 [1931]; *see Miller v Marchuska*, 31 AD3d 949, 951 [2006]). An October 2007 email from plaintiff's principal, Brad Desai, to Krause asserted Desai's desire to "secure [plaintiff's] funds" provided to her for the purchase of the Canal Properties by

---

2. Notably, plaintiff's contention on this appeal that it terminated the contract in 2006 is inconsistent with its assertion in its amended complaint that it properly terminated the contract in 2012.

way of a mortgage on the property. Krause responded the next day and agreed to "pay [plaintiff] back any monies used to purchase the [Canal Properties] if [plaintiff] determined to terminate pursuant to one of the remaining contingencies [of the contract]," but made no mention of a mortgage. Neither Desai's deposition nor any other evidence submitted in opposition to the Krause defendants' motion suggested that Krause ever agreed that the Canal Properties would be held as security for the monies provided by plaintiff, despite the fact that Desai explicitly raised the subject during their negotiations. Accordingly, given that the Krause defendants established as a matter of law that Krause did not agree that the Canal Properties be held as a security for the advance from plaintiff, equity does not permit plaintiff a lien on the Canal Properties (*see Teichman v Community Hosp. of W. Suffolk*, 87 NY2d 514, 521 [1996]; *Miller v Marchuska*, 31 AD3d at 951).

The Krause defendants were also entitled to summary judgment dismissing the cause of action for a constructive trust. A constructive trust is warranted "when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest" (*Sharp v Kosmalski*, 40 NY2d 119, 121 [1976] [internal quotation marks, brackets and citation omitted]). A plaintiff establishes entitlement to such a trust upon proving " 'a confidential or fiduciary relationship, a promise, a transfer in reliance thereon and unjust enrichment' " (*Rafferty Sand & Gravel, LLC v Kalvaitis*, 116 AD3d 1290, 1291 [2014], quoting *Enzien v Enzien*, 96 AD3d 1136, 1137 [2012]).

Even viewing the evidence in the light most favorable to plaintiff, the interactions between plaintiff and the Krause defendants lead to the single reasonable conclusion that their agreements were the result of arm's length business transactions and that the Krause defendants were never plaintiff's fiduciary. As a single example showing the unambiguous nature of this business relationship, in the same email that Krause wrote agreeing to purchase the Canal Properties, she communicated to Desai that any further correspondence between them should take place between respective legal counsel. Accordingly, plaintiff did not have any special relationship with either of the Krause defendants so as to warrant a constructive trust in relationship to any advances that plaintiff made to them (*see Hydro Invs. v Trafalgar Power*, 6 AD3d 882, 886 [2004]; *compare Mei Yun Chen v Mei Wan Kao*, 97 AD3d 730, 730 [2012]).

Nonetheless, by stating its constructive trust cause of action,

plaintiff also necessarily pleaded that Krause Properties was unjustly enriched by the advances pursuant to the contract and that Krause was unjustly enriched based upon the advances for the acquisition of the Canal Properties. A person or entity is unjustly enriched "when retention of the benefit received would be unjust considering the circumstances of the transfer and the relationship of the parties" (*Enzien v Enzien*, 96 AD3d at 1139 [internal quotation marks and citations omitted]; *see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182-183 [2011]). The Krause defendants' evidence submitted in support of their motion fails to establish as a matter of law that, in light of plaintiff's repudiation of the contract, their respective retention of the various monetary advances provided by plaintiff would be just. Accordingly, the Krause defendants failed to establish that they were entitled to summary judgment as to unjust enrichment (*see Rosenzweig v Friedland*, 84 AD3d 921, 925-926 [2011]; *First Frontier Pro Rodeo Circuit Finals v PRCA First Frontier Circuit*, 291 AD2d 645, 646 [2002]).

Further, to the extent that certain of the aforementioned monetary advances were provided pursuant to the contract that the Krause Properties—but not Krause—was bound by, the Krause defendants failed to establish as a matter of law that plaintiff could not pierce the corporate veil in order to recoup any portion of such advances from Krause upon a theory of unjust enrichment. Absent fraud, the corporate veil may be pierced in order to achieve equity when a corporation has been so dominated by individuals or other entities that it primarily transacts the dominators' business instead of its own (*see Fernbach, LLC v Calleo*, 92 AD3d 831, 832-833 [2012]; *Campone v Pisciotta Servs., Inc.*, 87 AD3d 1104, 1105 [2011]; *Matter of Island Seafood Co. v Golub Corp.*, 303 AD2d 892, 893 [2003]; *Austin Powder Co. v McCullough*, 216 AD2d 825, 827 [1995]). This inquiry includes consideration of factors such as the overlap in ownership, officers, directors and personnel, the capitalization of the corporation, any commingling of assets and the presence, or absence, of the formalities that attend the corporate form (*see Matter of Island Seafood Co. v Golub Corp.*, 303 AD2d at 893-894; *Austin Powder Co. v McCullough*, 216 AD2d at 827).

In her affidavit provided in support of the Krause defendants' motion for summary judgment, Krause explained that the funds provided, pursuant to the agreement, by plaintiff to her were intended to provide her family a living stipend, despite the fact that Krause was not a party to such agreement. When

viewed in the light most favorable to plaintiff, Krause's admission, and her failure to specify that such stipend was the result of any properly recognized corporate formalities, could reasonably be interpreted as indicating that there was no distinction between the funds and business of Krause Properties and the funds and business of Krause. Because Krause's own affidavit raises a triable issue of fact as to whether Krause Properties was simply her alter ego, Supreme Court erred in concluding that the Krause defendants established as a matter of law that plaintiff could not pierce the corporate veil (*see Burton F. Clark, Inc. v Hillside Cos., Inc.*, 121 AD3d 1236, 1237-1238 [2014]).

Finally, the Krause defendants failed to establish as a matter of law that plaintiff could not foreclose on a mortgage on certain real property. The Krause defendants argue that under the terms of the mortgage, plaintiff was not entitled to accelerate the note and mortgage and that, therefore, Krause Properties did not default. Under the terms of the mortgage, plaintiff was entitled to accelerate the note and mortgage in the event that Krause Properties failed to satisfy certain obligations set forth in the mortgage. One such obligation was that Krause Properties pay the relevant property taxes for the real property secured. In her affidavit in support of the Krause defendants' motion for summary judgment, Krause concedes that such property taxes were not paid. Accordingly, the Krause defendants failed to establish that they were entitled to summary judgment dismissing plaintiff's foreclosure cause of action (*see generally NY Professional Drywall of OC, Inc. v Rivergate Dev., LLC*, 100 AD3d 216, 221 [2012]).

The remaining arguments raised by the parties are either premature, academic and/or without merit.

Egan Jr., Devine and Clark, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) granted the motion by defendants Krause Properties, LLC and Gail Krause for summary judgment dismissing the unjust enrichment cause of action against Gail Krause, and (2) denied said defendants' motion for summary judgment dismissing the causes of action for breach of contract, equitable lien and constructive trust; motion denied and granted to said extent and the causes of action for breach of contract, equitable lien and constructive trust dismissed against said defendants; and, as so modified, affirmed.