Andrews v Davis (2021 NY Slip Op 50650(U))

[*1]

Andrews v Davis

2021 NY Slip Op 50650(U) [72 Misc 3d 132(A)]

Decided on July 2, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 2, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-1747 K C

Dawn Andrews, Appellant,
against
Charmaine Davis, Respondent. 

Dawn Andrews, appellant pro se.
Charmaine Davis, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Lizette
Colon, J.), entered January 24, 2019. The judgment, insofar as appealed from as limited by the
brief, after a nonjury trial, dismissed the complaint.

ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced this action to recover the principal sum of $25,000, alleging that
defendant failed to return plaintiff's property after she was evicted. Defendant's answer included a
general denial and a counterclaim for $23,000 for back rent owed. After a nonjury trial, the Civil
Court dismissed plaintiff's complaint and awarded defendant $15,000 on her counterclaim.
Plaintiff appeals, as limited by the brief, from so much of the judgment as dismissed the
complaint.
Here, the Civil Court properly determined that plaintiff failed to establish that defendant had
any of plaintiff's possessions, let alone $25,000 worth of property, and that she refused to return
the property upon demand (see 8902 Corp. v Helmsley-Spear, Inc., 23 AD3d 316
[2005]). In any event, plaintiff's proof was insufficient to establish the value of any item allegedly
converted by defendant (see Fassett v Fassett, 101 AD2d 604 [1984]).
Accordingly, the judgment, insofar as appealed from, is affirmed.
WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 2, 2021