■ BERNADETTE MARINO, Respondent, v ELIZABETH BUCK, Appellant. [647 NYS2d 634] —Order insofar as appealed from unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff commenced this action to recover damages for personal injuries she allegedly sustained as a result of electrolysis treatment administered by defendant. Plaintiff treated with defendant from April 1989 until August 1991. The complaint alleges causes of action sounding in fraud and negligence. After issue was joined and discovery was conducted, defendant moved for summary judgment dismissing the complaint on grounds that the fraud cause of action fails to state a cause of action and the negligence cause of action is time-barred. Supreme Court granted defendant's motion for summary judgment in part and dismissed the fraud cause of action.

The court should have granted the motion in its entirety. The negligence cause of action is barred by the applicable three-year Statute of Limitations (*see*, CPLR 214), which began to run when the cause of action accrued. Plaintiff testified at her deposition that soon after she began treatment with defendant she observed bleeding, swelling and scarring on her face. Plaintiff's reliance on the doctrine of equitable estoppel to revive the time-barred negligence cause of action, in the circumstances of this case, is misplaced. Plaintiff retained an attorney in October 1991, and therefore, had ample time within the statutory period to commence her action. The record does not establish that plaintiff was lulled into inaction by defendant in order to allow the Statute of Limitations to expire (*see, East Midtown Plaza Hous. Co. v City of New York*, 218 AD2d 628; *Zoe G. v Frederick F. G.*, 208 AD2d 675, 675-676). Furthermore, "in order for the equitable estoppel doctrine to apply, a fiduciary relationship must exist between the parties, a relationship which does not obtain here" (*East Midtown Plaza Hous. Co. v City of New York, supra*, at 629, citing *Cabrini Med. Ctr. v Desina*, 64 NY2d 1059, 1062). (Appeal from Order of Supreme Court, Niagara County, Rath, Jr., J.—Summary Judgment.) Present—Denman, P. J., Green, Wesley, Balio and Davis, JJ.