■ INCORPORATED VILLAGE OF ROCKVILLE CENTRE et al., Appellants, v TOWN OF HEMPSTEAD et al., Respondents. [718 NYS2d 214] —In an action to recover certain overcharges paid by the plaintiffs to the defendants for waste disposal services, the

plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated June 4, 1999, as granted that branch of the defendants' motion which was to dismiss their first cause of action as barred by the Statute of Limitations.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiffs' contention, nothing in the instant record establishes that the defendants lulled the plaintiffs into inaction in order to allow the Statute of Limitations to expire (*see, Marino v Buck*, 231 AD2d 931; *East Midtown Plaza Hous. Co. v City of New York*, 218 AD2d 628). Further, " 'in order for the equitable estoppel doctrine to apply, a fiduciary relationship must exist between the parties' " (*Marino v Buck, supra,* at 931; *see, East Midtown Plaza Hous. Co. v City of New York, supra; Cabrini Med. Ctr. v Desina*, 64 NY2d 1059, 1062). No such relationship exists here.

Accordingly, the Supreme Court properly dismissed the plaintiffs' first cause of action as time-barred. Santucci, J. P., S. Miller, McGinity and Smith, JJ., concur.