ROBERT L. BARRETT, Appellant, v ROLLA P. HUFF, Respondent. [776 NYS2d 678]—

Appeal from an order and judgment (one document) of the Supreme Court, Monroe County (Robert J. Lunn, J.), entered May 29, 2003. The order and judgment granted defendant's motion to dismiss the complaint.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted defendant's motion to dismiss the complaint based on CPLR 3211 (a) (5) and (7). Plaintiff was an executive vice-president and the chief technology officer of Frontier Corporation (Frontier), a telecommunications company that merged with Global Crossing Ltd. (Global Crossing) on September 28, 1999. As part of the merger, certain executives and shareholders of both companies agreed to refrain from selling their shares of stock in the new company for a period of six months. That "lock-up agreement" was intended to demonstrate confidence in the new company. Plaintiff alleges that he was fraudulently induced to sign the

lock-up agreement on the day of the merger, when he was told that Global Crossing had made his participation in the lock-up agreement a condition of the merger. Plaintiff alleges that he subsequently learned that "the idea of locking up [his] stock and stock options originated with [defendant]," the president and chief operating officer of Frontier, in retaliation for plaintiff's alleged previous disclosure of certain personal information concerning defendant. Plaintiff alleges that the lock-up agreement prevented him from selling his shares at the peak of the market for the stock, which occurred during the six-month lock-up period, and he asserts causes of action for conversion, intentional misrepresentation, fraud and deceit, and prima facie tort based on interference with property.

The court properly dismissed the conversion and prima facie tort causes of action as time-barred (*see* CPLR 3211 [a] [5]). The statute of limitations for those causes of action is three years where, as here, the injury alleged is to plaintiff's economic interests (*see Jemison v Crichlow*, 139 AD2d 332, 336 [1988], *affd* 74 NY2d 726 [1989]; *Stacom v Wunsch*, 173 AD2d 401 [1991], *lv denied* 78 NY2d 859 [1991]) and begins running from the date of the tort, "not from [the date of] discovery or the exercise of diligence to discover" (*Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d 36, 44 [1995]). Here, plaintiff's claims accrued on or before September 28, 1999, and plaintiff did not file the summons and complaint until October 23, 2002.

We reject plaintiff's contention that defendant is estopped from invoking the statute of limitations as a defense. In order to invoke the doctrine of equitable estoppel, a plaintiff must show that he or she was "induced by fraud, misrepresentations or deception to refrain from filing a timely action" (*Simcuski v Saeli*, 44 NY2d 442, 449 [1978]). Here, plaintiff has not alleged the type of delaying tactic that would warrant the application of equitable estoppel (*see e.g. Marino v Buck*, 231 AD2d 931 [1996]; *Murphy v Wegman's Food Mkts.*, 140 AD2d 973, 974 [1988], *lv denied* 72 NY2d 808 [1988]). It is undisputed that Frontier had made a Securities and Exchange Commission (SEC) filing with plaintiff's electronic signature on the lock-up agreement on September 8, 1999, and that filing is a public record readily available to plaintiff (*see Reale v Sotheby's, Inc.*, 278 AD2d 119, 121 [2000], *lv denied* 96 NY2d 706 [2001]). Plaintiff had at least constructive notice of defendant's alleged September 2, 1999 "acts of concealment" based on that SEC filing. Moreover, plaintiff was on notice of something "awry" as early as September 28, 1999, when he was induced to sign the lock-up

agreement despite the fact that he was led by earlier statements to believe that he would not be subject to it.

The court also properly dismissed the cause of action for intentional misrepresentation, fraud and deceit based on plaintiff's failure to state a cause of action (*see* CPLR 3211 [a] [7]). Contrary to plaintiff's contention, the court properly determined that plaintiff had not suffered cognizable damages by reason of his inability to sell his stock during the six-month lock-up period. Here, plaintiff contends that he lost the highest potential profit from the sale of stock he would have made but for the lock-up agreement. It is undisputed, however, that the price of plaintiff's stock rose over 50% during the six-month lock-up period and that plaintiff could have realized that profit had he sold the stock at the end of the lock-up period. The measure of damages for a fraud cause of action is " 'indemnity for the actual pecuniary loss sustained as the direct result of the wrong' or what is known as the 'out of pocket' rule" (*Lama Holding Co. v Smith Barney Inc.*, 88 NY2d 413, 421 [1996], quoting *Reno v Bull*, 226 NY 546, 553 [1919]). "Damages are to be calculated to compensate plaintiffs for what they lost because of the fraud, not to compensate them for what they might have gained" (*id.*, citing *Cayuga Harvester v Allis-Chalmers Corp.*, 95 AD2d 5 [1983]). Plaintiff has failed to allege that defendant's fraudulent inducement was the proximate cause of his failure to exercise his options or sell his stock at the expiration of the lock-up period, and the out-of-pocket rule adopted in New York does not allow for the lost profits sought by plaintiff herein (*see id.*; *Reno*, 226 NY at 553).

Plaintiff's allegations also fail to demonstrate a justifiable reliance on the representations made by defendant, a requisite element of a cause of action for fraud (*see Lama Holding Co.*, 88 NY2d at 421). "Where a party has the means to discover the true nature of the transaction by the exercise of ordinary intelligence, and fails to make use of those means, he cannot claim justifiable reliance on defendant's misrepresentations" (*Stuart Silver Assoc. v Baco Dev. Corp.*, 245 AD2d 96, 98-99 [1997]; *see Shao v 39 Coll. Point Corp.*, 309 AD2d 850, 851 [2003]). As previously noted, plaintiff had ready access to the SEC filing containing his electronic signature on the lock-up agreement (*see Reale*, 278 AD2d at 121). In addition, as the court properly determined, "damages recoverable for fraud do not include emotional distress" (*Jeffrey BB. v Cardinal McCloskey High School & Home for Children*, 257 AD2d 21, 24 [1999]).

Finally, although the court failed to rule on plaintiff's request for leave to amend the complaint, the failure to rule is deemed a

denial of the relief sought (*see Brown v U.S. Vanadium Corp.,* 198 AD2d 863, 864 [1993]). That relief was properly denied because plaintiff failed to set forth any evidentiary basis for amendment (*see* CPLR 3211 [e]) and, indeed, asserted only that, "[s]hould this court be swayed by any of the arguments in defendant's motion to dismiss, . . . plaintiff request[s] an opportunity to amend the deficient claims." Thus, plaintiff is not entitled to amend the complaint (*see e.g. Fernicola v New York State Ins. Fund,* 293 AD2d 844, 846 [2002]; *Kampe Enters. v Bi-County Scale & Equip. Co.,* 267 AD2d 352, 353 [1999]). Present—Pigott, Jr., P.J., Pine, Scudder, Gorski and Hayes, JJ.