■ PETER PECORARO et al., Appellants, v M&T BANK CORPORATION, Respondent. [782 NYS2d 481]—

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered June 19, 2003. The order granted defendant's motion to dismiss the first three causes of action as time-barred by the statute of limitations.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages arising from the destruction of their safe deposit box rented from defendant. Supreme Court properly granted defendant's motion seeking dismissal of the negligence, gross negligence and conversion causes of action as time-barred. We reject plaintiffs' contention that the court erred in determining that the conversion cause of action accrued on February 21, 2000, the date on which the safe deposit box was delivered to a scrap dealer, rather than on June 15, 2000, the date on which plaintiffs made a demand for the contents of the box. Generally, a conversion cause of action accrues on the date on which the conversion takes place, and not on the date of discovery or the date on which by the exercise of diligence the conversion should have been discovered (*see Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d 36, 44-45 [1995]; *Barrett v Huff*, 6 AD3d 1164, 1166 [2004]). Plaintiffs contend, however, that they had a fiduciary relationship with defendant and that CPLR 206 (a) (1) therefore should apply rather than the general rule concerning the accrual of a conversion cause of action, resulting in an accrual date of June 15, 2000. Contrary to plaintiffs' contention, the rental of a safe deposit box does not create a fiduciary relationship in New York (*see generally Carples v Cumberland Coal & Iron Co.*, 240 NY 187, 192-193 [1925]; *Sagendorph v First Natl. Bank of Philmont*, 218 App Div 285, 286 [1926]). Moreover, CPLR 206 (a) (1) applies only "where a demand is necessary to entitle a person to commence an action," but no demand was necessary in this case because defendant was a lawful custodian of the safe deposit box at the time it was passed to the scrap dealer (*see MacDonnell v Buffalo Loan, Trust & Safe Deposit Co.*, 193 NY 92, 101 [1908]; *see also Johnson v Gumer*, 94 AD2d 955 [1983]).

We also reject plaintiffs' contention that defendant is equita-

bly estopped from asserting that the conversion cause of action is time-barred. In order to invoke the doctrine of equitable estoppel, plaintiffs must establish that they were "induced by fraud, misrepresentations or deception to refrain from filing a timely action" (*Simcuski v Saeli,* 44 NY2d 442, 449 [1978]; *see Barrett,* 6 AD3d at 1166). Here, plaintiffs failed to establish that they were so induced and, indeed, the record establishes that they were aware of the necessary facts more than $2^1/_2$ years before the statute of limitations expired.

Contrary to plaintiffs' further contention, the court properly dismissed the negligence and gross negligence causes of action as time-barred. Plaintiffs failed to assert those causes of action within the applicable three-year period that began to run on the date on which their property rights were invaded, i.e., February 21, 2000 (*see Medina Med. Bldg. v Erie County Sheriff's Dept.,* 55 AD2d 1026 [1977]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Martoche, JJ.