09-1002-cv
Thyroff v. Nationwide Mutual Insurance Company

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the eleventh day of January, two thousand ten.

PRESENT: DENNIS JACOBS,
                    <u>Chief Judge</u>,
            DEBRA ANN LIVINGSTON,
                    <u>Circuit Judge</u>,
            JED S. RAKOFF,[*]
                    <u>District Judge</u>.

_____
- - - - - - - - - - - - - - - - - - -X

Louis E. Thyroff,

        <u>Plaintiff-Appellant</u>,

        v.                                      09-1002-cv

Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, Nationwide Life Insurance, Nationwide General Insurance Company, Nationwide Property and Casualty Company, Nationwide Variable Life Insurance Company,

_____

[*] Jed S. Rakoff, Judge of the United States District Court for the Southern District of New York, sitting by designation.

**Colonial Insurance Company of Wisconsin,**

        <u>**Defendants-Appellees**</u>.**

- - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**        **William P. Tedards, Jr., Washington, DC.**

**FOR APPELLEES:**        **Ben M. Krowicki, Bingham McCutchen LLP, Hartford, CT.**

Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff, Louis Thyroff, appeals from summary judgment entered February 12, 2009 in the United States District Court for the Western District of New York (Telesca, <u>J.</u>). Thyroff claims that, following his termination as an insurance agent for defendant Nationwide Mutual Insurance Co. ("Nationwide"), personal files stored on a leased Nationwide computer were converted when the company repossessed it. The district court granted summary judgment for defendants. We assume the parties' familiarity with the

---

** We direct the Clerk of the Court to amend the official caption as noted.

-2-

underlying facts, the procedural history, and the issues presented for review.

We review summary judgment decisions de novo. Woodman v. WWOR-TV, Inc., 411 F.3d 69, 75 (2d Cir. 2005). "According to New York law, '[c]onversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights.'" Thyroff v. Nationwide Mut. Ins. Co. (*Thyroff I*), 460 F.3d 400, 403-04 (2d Cir. 2006) (quoting Vigilant Ins. Co. of Am. v. Hous. Auth. of El Paso, 660 N.E.2d 1121, 1126 (N.Y. 1995) (internal quotation marks omitted)) (alterations in original). "Where the original possession is lawful, a conversion does not occur until the defendant refuses to return the property after demand or until he sooner disposes of the property." Seanto Exports v. United Arab Agencies, 137 F. Supp. 2d 445, 451 (S.D.N.Y. 2001) (quoting Schwartz v. Capital Liquidators, Inc., 984 F.2d 53, 54 (2d Cir. 1993) (per curiam)) (internal quotation marks omitted). Thyroff challenges: [i] the district court's holding that Nationwide's original possession was lawful, and that demand and refusal was therefore an element of his conversion claim; and [ii] its holding that he failed to produce sufficient evidence of demand to survive summary

-3-

judgment.  We see no such error.

Thyroff leased a computer from Nationwide and placed on it personal files, of which Nationwide consequently took possession--along with the computer--following termination of the lease.  Thyroff does not argue that repossession of the computer was unlawful.  Under New York law, this is enough to make Nationwide's possession of Thyroff's personal files lawful.  See, e.g., Congregation Anshe Sefard of Keap St., Inc. v. Title Guarantee & Trust Co., 50 N.E.2d 534, 534-35 (N.Y. 1943) (conversion of personal property established when dispossessed lessee demanded, and was refused, return of property on formerly leased premises); Lewis v. Ocean Navigation & Pier Co., 26 N.E. 301, 304-05 (N.Y. 1891) (same); Miller v. Marchuska, 819 N.Y.S.2d 591, 593 (N.Y. App. Div. 2006) ("[R]etention by [a real property] owner of goods belonging to [a] dispossessed [former occupant] after demand for their return constitutes conversion." (emphasis added)); Pecoraro v. M & T Bank Corp., 782 N.Y.S.2d 481, 482-83 (N.Y. App. Div. 2004) (lessor of safe deposit box was lawful possessor of box contents); Reich v. Cochran, 99 N.Y.S. 755, 755-56 (N.Y. App. Div. 1906) (conversion of personal property established when dispossessed lessee demanded, and was refused, return

of property on formerly leased premises).

Thyroff relies on this Court's statement in a prior appeal in this case:

> [W]e disagree with the district court's finding that Thyroff failed to state a claim for conversion of any business records on the AOA because Nationwide owns the AOA. Nationwide owns the AOA, but that does not mean that it also owns any records that Thyroff may have saved on the system. Additionally, Thyroff has alleged that he installed his personal computer programs onto the AOA, and it is clear that Nationwide does not own these programs. Had Nationwide leased Thyroff a filing cabinet into which Thyroff placed his personal property, such as a camera, Nationwide would not contend that it could seize Thyroff's camera when it reclaimed its filing cabinet. The instant situation is no different.

Thyroff I, 460 F.3d at 404. Thyroff argues that the quoted passage controls whether Nationwide's possession of his files was lawful. But the issue in Thyroff I was whether Nationwide could avoid liability for conversion because it owned the property at issue outright, free of any possessory rights assertable by Thyroff. The quite distinct issue here is whether Nationwide can avoid liability for conversion because, even though it did not own the property at issue outright, it was in lawful possession of the property, subject to Thyroff's superior possessory right.

Did Thyroff produce sufficient evidence of demand to survive summary judgment?  We think not.  The purpose of the demand requirement "is simply 'that one in lawful possession shall not have such possession changed into an unlawful one until he be informed of the defect of his title and have an opportunity to deliver the property to the true owner.'" Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc., 87 F.3d 44, 49 (2d Cir. 1996) (some internal quotation marks omitted) (quoting Employers' Fire Ins. Co. v. Cotten, 156 N.E. 629, 630 (N.Y. 1927)).  Only one of the documents Thyroff proffers to evidence demand arguably does so: the handwritten notes of a Nationwide employee stating that "[Thyroff had] indicated [to the Nationwide employee] he has lots of personal info on the computer + wants it back."  But "lots of personal info" is inadequate to notify Nationwide of what electronic information he claimed superior right to, and demanded:  The phrase could refer to anything from emails to customer lists.  See Condrey v. SunTrust Bank of Ga., 429 F.3d 556, 568 (5th Cir. 2005) (under Georgia law, demand for return of plaintiff's "stuff" deemed insufficiently specific to survive summary judgment); St. Louis Fixture & Show Case Co. v. F.W. Woolworth Co., 88 S.W.2d 254, 259, 262 (Mo. Ct. App. 1935) (demand for

"furniture and fixtures" left on abandoned premises insufficient); Commercial Factors Corp. v. Parrillo, 138 A.2d 324, 325-26 (R.I. 1958) (plaintiff must have made demand for "specific goods"); 90 C.J.S. Trover & Conversion § 43 ("The demand must be . . . sufficiently definite and complete to apprise the defendant of the specific property claimed." (footnote omitted)); 18 Am. Jur. 2d Conversion § 76 ("Where a part of the goods is claimed by the plaintiff, a failure to specify the articles demanded has been held to render the demand insufficient.").

We have considered Thyroff's remaining arguments, and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: _____