[Cite as *Thyroff v. Nationwide Mut. Ins. Co.*, 2016-Ohio-4634.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Louis E. Thyroff, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 15AP-1043 |
| v. | : | (C.P.C. No. 14CV-1723) |
| Nationwide Mutual Insurance Company, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on June 28, 2016

**On brief:** *Leickly Law,* and *James R. Leickly,* for appellant.
**Argued:** *William P. Tedards, Jr.*

**On brief:** *Bricker & Eckler LLP, Quintin F. Lindsmith,* and
*Ali I. Haque,* for appellee*.* **Argued:** *Ali I. Haque.*

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Plaintiff-appellant, Louis E. Thyroff, appeals from the October 16, 2015 decision and entry granting defendant-appellee's, Nationwide Mutual Insurance Company ("Nationwide"), motion for summary judgment and denying Thyroff's motion for partial summary judgment. For the reasons that follow, we affirm the judgment of the court of common pleas.

## I. Factual and Procedural Background

{¶ 2} Thyroff was an insurance agent for Nationwide in the State of New York from 1979 until 2000. As part of his employment, Thyroff and Nationwide entered into an Agent's Agreement ("AA"), which governed the relationship between the parties. In addition to the AA, Nationwide also required that Thyroff lease an agency office-automation system ("AOA"), including hardware and software from Nationwide. Thyroff

signed a lease agreement ("AOA Agreement") and paid monthly lease payments for the use of the system.

{¶ 3} Thyroff's office operations were dependent on the AOA. On a daily basis, Thyroff and his office staff entered business data and information onto the hard drives of the AOA computers. Nationwide then uploaded that information on a nightly basis from Thyroff's computers onto Nationwide's computers.

{¶ 4} The AOA Agreement permitted Thyroff to install his own software programs and to store personal information on the system including various files, his marketing and contact database, email, documents, and assorted data.

{¶ 5} In September of 2000, Nationwide summoned Thyroff to a meeting in Syracuse, New York where Nationwide terminated his employment. While Thyroff was en route to Syracuse, Nationwide remotely disabled his personal Microsoft NT password that enabled him and his staff to log into his office workstations and access his personal files. Nationwide also disabled the separate Nationwide password that enabled Thyroff's staff to log into the Nationwide server and access Nationwide's business files. After terminating his employment, Nationwide repossessed the leased equipment, including the workstations, with Thyroff's personal files in them.

{¶ 6} Thyroff filed suit against Nationwide in the United States District Court for the Western District of New York alleging 13 causes of action for numerous violations of federal and New York law. Relevant to this lawsuit in Ohio, one claim was for violation of the covenant of good faith and fair dealing in the AA and related to the seizure of Thyroff's business records. *See Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 403 (2d Cir.2006) ("The seizure of the business records alone is the basis for Thyroff's breach-of-contract claim."). Another claim was for conversion of Thyroff's records stored on the AOA. *Thyroff* at 404. With respect to the conversion claim, the complaint alleged that Nationwide denied Thyroff access to the AOA and continued to retain possession of Thyroff's business and personal information. *Id.* The complaint also alleged that this was property that Nationwide unlawfully took, and it could not be replaced. *Id.*

{¶ 7} The district court dismissed the claim for breach of contract upon a motion for summary judgment, and it dismissed the conversion claim upon a motion to dismiss. The district court found that Nationwide breached neither the AA nor the AOA by

preventing Thyroff from accessing policyholder information. *See Thyroff* at 407 (affirming dismissal of the breach of contract claim).

{¶ 8} Thyroff asked the district court to reconsider its October 2004 grant of summary judgment. Thyroff executed an affidavit in support of that motion delineating the personal information and data that was on his computers at the time of his termination. Even though Thyroff was prohibited from accessing policyholder information, on July 7, 2005, the district court judge issued an interlocutory order directing Nationwide to return Thyroff's *personal* files. Nationwide did not cross-appeal from the order directing the return of those files, but it also did not return the information to Thyroff. Nor did Thyroff seek to enforce the July 7, 2005 order. Those personal files are the subject of the present action in Ohio.

{¶ 9} In August 2006, the Second Circuit Court of Appeals affirmed dismissal of the breach of contract claim and certified a question to the New York Court of Appeals regarding the conversion claim. The issue was whether electronic data could be the subject of a conversion claim under New York law. *Thyroff* at 408.

{¶ 10} The Second Circuit characterized Thyroff's conversion claim in this manner:

> According to Thyroff's complaint, Nationwide was not entitled to take his personal or business information from the computers. Thyroff maintains that neither the AOA lease agreement nor the AA granted Nationwide this right. Nationwide's seizure of this electronic information--both Thyroff's business records and personal information--forms the basis of Thyroff's conversion claim.

*Id.* at 403.

{¶ 11} During oral argument before the Second Circuit, one of the judges asked counsel for Nationwide whether Nationwide had turned over the personal data and programs that Thyroff purchased and installed on the computers. Counsel for Nationwide admitted that the property was "long gone" by the time the district court judge issued his July 7, 2005 order, and Nationwide had not preserved the property even though it knew it formed the basis of a conversion action. (Thyroff Aff. at ¶ 14.)

{¶ 12} The New York Court of Appeals answered the certified question in the affirmative, and the case resumed in federal district court. The conversion claim was eventually dismissed on summary judgment after the district court determined that

Nationwide's initial possession of the personal files was deemed to be lawful; a prerequisite for filing an action for conversion was a legally sufficient demand for the return of the property; and, Thyroff had not made a sufficient demand for the return of his property prior to filing the conversion action. *Thyroff v. Nationwide Mut. Ins. Co.*, W.D.N.Y. No. 00-CV-6481T (Feb. 10, 2009).

{¶ 13} The New York litigation finally terminated in 2010, when the Second Circuit Court of Appeals affirmed the judgment of the district court finding that Thyroff did not produce sufficient evidence of a demand for the return of the property to survive summary judgment. *Thyroff v. Nationwide Mut. Ins. Co.*, 360 Fed.Appx. 179 (2d Cir.2010).

{¶ 14} Four years later, Thyroff then filed the present action in February 2014 in the Franklin County Court of Common Pleas alleging a breach of the AOA Agreement, including a breach of the covenant of good faith and fair dealing. Thyroff claims that Nationwide breached the AOA by secretly destroying his valuable personal files that belonged to him that he had stored in the computer system during his agency. The Ohio action concerns the exact same files that Thyroff spent approximately ten years litigating in the New York action in federal court.

{¶ 15} Nationwide filed a motion for judgment on the pleadings which the trial court denied. Then in May 2015, Nationwide moved for summary judgment on the basis that Thyroff's breach of contract claim: (1) was barred by res judicata; (2) was time-barred under Ohio's borrowing statute; (3) was barred by laches; and (4) the claim failed on the merits. On the same day Thyroff filed a motion for partial summary judgment arguing res judicata and laches should not apply.

{¶ 16} On October 16, 2015, the trial court granted Nationwide's motion for summary judgment on the basis of res judicata and declined to address the other grounds for summary judgment. The trial court denied Thyroff's motion for summary judgment.

## II. Assignments of Error

{¶ 17} On appeal, Thyroff raises two assignments of error as follows:

[I.] The trial court erred as a matter of law in granting Defendant/Appellee Nationwide's Motion for Summary Judgment on Plaintiff/Appellant Thyroff's claim for Breach of Contract, on the basis of Nationwide's affirmative defense of *res judicata*.

> [II.] The trial court erred as a matter of law in denying Plaintiff/Appellant Thyroff's Motion For A Partial Summary Adjudication With Respect To Nationwide's Affirmative Defense Of *Res Judicata.*

{¶ 18} The assignments of error are related and will be discussed together.

## III. Standard of Review

{¶ 19} An appellate court reviews summary judgment under a de novo standard. *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41 (9th Dist.1995); *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588 (8th Dist.1994). Summary judgment is appropriate only when the moving party demonstrates (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 20} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). However, the moving party cannot discharge its initial burden under this rule with a conclusory assertion that the nonmoving party has no evidence to prove its case; the moving party must specifically point to evidence of the type listed in Civ.R. 56(C) affirmatively demonstrating that the nonmoving party has no evidence to support the nonmoving party's claims. *Id.*; *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997). Once the moving party discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Dresher* at 293; *Vahila* at 430; Civ.R. 56(E).

## IV. Analysis

{¶ 21} The doctrine of res judicata precludes the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction. *Meyer v. Chieffo*, 193 Ohio App.3d 51, 59, 2011-Ohio-

1670, ¶ 13 (10th Dist.)  A valid final judgment rendered on the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.  *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995).

{¶ 22} The party asserting res judicata must show the following four elements: (1) there was a prior valid judgment on the merits; (2) the second action involved the same parties as the first action; (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out of the same transaction or occurrence.  *Meyer* at ¶ 13.

{¶ 23} Res judicata encompasses two related concepts:  (1) claim preclusion, which prevents a subsequent action by the same parties based upon any claim arising out of the transaction that was the subject of a previous action; and (2) issue preclusion, or collateral estoppel, which bars relitigation in a second action, of an issue that has been actually and necessarily litigated and determined in a prior action that was based on a different cause of action.  *O'Nesti v. DeBartolo Realty Corp.,* 113 Ohio St.3d 59, 61, 2007-Ohio-1102; *State ex rel Schachter v. Ohio Pub. Emps. Retirement Bd.*, 121 Ohio St.3d 313, 2009-Ohio-1704, ¶ 27.  In other words, "issue preclusion applies even if the causes of action differ." *O'Nesti* at 61.

{¶ 24} Additionally, the Supreme Court of Ohio has declared that "res judicata is not a shield to protect the blameworthy." *Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St.3d 488, 491 (2001).  The doctrine " 'is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice.' "(Citations omitted.) *Id.*, quoting *Grava,* Douglas, J., dissenting.

{¶ 25} In the New York action, Thyroff sought the return of his personal files that Nationwide allegedly converted.  In the present Ohio action, Thyroff seeks money damages for the value of the personal files that Nationwide destroyed.  In his deposition, Thyroff made it clear what he was seeking in the New York action and in the Ohio action:

> Q. I want to take a step back.  In this action you're seeking the value of this property that you just described for being destroyed; is that correct?
>
> A. Correct.

Q. In the New York action you sought the return of that property; is that correct?

A. Return it to me.

Q. Okay. So we're talking about the same property. You just want money damages here in the Ohio action, but you wanted Nationwide to return those files in the New York action; is that correct?

A. Correct.

(Nationwide's Mot. for Summ. Jgmt., Ex. B, Dep. of Louis Thyroff at 34.)

{¶ 26} In the New York action, Thyroff maintained that neither the AOA nor the AA granted Nationwide the right to take his personal or business information from the computers. These allegations formed the basis for Thyroff's conversion claim. *Thyroff*, 460 F.3d 400 at 403. In the Ohio action, Thyroff maintains that under the AOA, Nationwide did not have the right to seize and destroy his personal information from the computers. (Complaint at ¶ 22). This allegation forms the basis for Thyroff's present breach of contract claim.

{¶ 27} The fact that Thyroff is seeking a different remedy for the alleged taking and/or destruction of his personal files is not sufficient to raise a new and different claim that is not subject to res judicata. Whether Nationwide simply took the files and refused to return them or whether Nationwide took the files and then destroyed them, under New York law, Thyroff's claim is one for conversion.

{¶ 28} Under New York law "if 'the conduct the plaintiff seeks to recover for amounts to the *destruction or taking* of the property, then the action is properly deemed one for conversion.' " (Emphasis added.) *Thyroff,* 460 F.3d 400 at 404, quoting *Sporn v. MCA Records, Inc.,* 58 N.Y.2d 482, 488 (1983). Thus, the conduct for which Thyroff now seeks recovery was fully litigated in the New York action and judgment entered against him on his conversion claim. Thyroff is attempting to move to a new forum and relitigate under a different legal theory the exact conduct that gave rise to his unsuccessful conversion claim in New York.

{¶ 29} All of the elements of res judicata are met here. There was a prior valid judgment on the merits. The United States Court of Appeals for the Second Circuit issued

two decisions affirming dismissal of Thyroff's breach of contract and conversion claims in the New York action. The Ohio action involves the same parties as the New York action. The Ohio action raises claims that were or could have been litigated in the New York action, namely breach of contract or conversion related to the seizure and retention or disposal of electronic information. Both the Ohio action and the New York action arise out of the same transaction or occurrence, namely the seizure and retention of Thyroff's personal information housed on the computers. This is classic issue preclusion or collateral estoppel.

{¶ 30} Thyroff further claims that Nationwide's failure to comply with a court order forms the basis of the breach of contract action in Ohio. (Complaint at ¶ 19-22.) However, Thyroff had a remedy available to him in the New York action for Nationwide's failure to return the personal files to Thyroff. If an opposing party fails to comply with a court order, the remedy is to file a motion to show cause with the court that issued the order and initiate civil contempt proceedings. *See, e.g., United States ex rel. Vuitton Et. Fils S.A. v. Karen Bags, Inc.*, 592 F.Supp 734 (S.D.N.Y.1984) (After determining the alleged criminal contemnors were continuing to sell counterfeit products in violation of the injunction, Vuitton made an ex parte request for an order to show cause why they should not be cited for civil and criminal contempt); *Leser v. U.S. Bank Natl. Assn.*, E.D.N.Y. No. 09-CV-2362 (Mar. 18, 2011)(Bank moved to hold witness in civil contempt for failure to comply with court order to comply with subpoena); *AultCare Corp. v. Roach*, 5th Dist. No. 2008-CA-00051, 2009-Ohio-948, ¶ 7 (In order for a contempt citation to issue, the court must find the defendant disobeyed an order of the court, without just excuse); *A.P. Lee & Co. v. R.R. Bowker, LLC*, 10th Dist. No. 14AP-599, 2015-Ohio-2535, ¶ 31 (For civil contempt the punishment is remedial and for the benefit of the complainant.).

{¶ 31} Thyroff never sought enforcement of the July 7, 2005 court order, choosing instead to stand on his breach of contract and conversion claims in federal district court. His remedy at the time was to seek to enforce the New York district court order, not to wait until four years after the litigation was concluded in New York and then bring a new action in Ohio.

{¶ 32} Thyroff's major contention on appeal is that Nationwide behaved reprehensibly by destroying his personal files and, therefore, it should not be permitted to benefit from the doctrine of res judicata.

{¶ 33} The fact that Thyroff's files were "long gone" by the time the district court issued its order directing the return of Thyroff's personal information has no bearing on the claims he brought, the damages he sought, or whether he could pursue those claims. As discussed above, whether Nationwide merely took and retained the property or it took and destroyed the property, Thyroff had a claim for conversion of his electronic data. After learning that Nationwide had presumably destroyed his personal data, Thyroff continued to pursue his conversion claim in the New York action and lost on the merits because he failed to produce evidence of a demand sufficient to survive summary judgment. *Thyroff*, 360 Fed.Appx. 179 at 180.

{¶ 34} "Res judicata does not apply where fairness and justice would not support it." *State v. Harding*, 10th Dist. No. 13AP-362, 2014-Ohio-1187, ¶ 30, citing *Davis* at 491. Here, Thyroff had a full and fair opportunity to litigate the loss of his personal information stored on the computers either through an action for conversion or an action to enforce the district court's order to return the information. If the actual files were destroyed, Thyroff had the opportunity to litigate for the monetary equivalent of the property. Unfortunately for Thyroff, he failed in his attempt to recover his property in New York. This did not give him the right to commence a new action in Ohio years after the New York action was concluded. Fairness does not dictate that Thyroff can raise his claims in New York and when he loses, move to Ohio to bring the same claims again. The basic principle of res judicata requires a litigant to raise all of his claims in one action or be forever barred from raising them anew in another forum.

## V. Conclusion

{¶ 35} Based on the foregoing, Thyroff's first and second assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN, P.J., and HORTON, J., concur.

_____