21-2553
*Black v. Wrigley*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand twenty-three.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT D. SACK,
> BETH ROBINSON,
> > *Circuit Judges*.

---

SAMUEL H. BLACK, BERNARD BLACK,

> *Plaintiffs-Appellants*,

> > v.                                                          No. 21-2553

CHERIE WRIGLEY, ESAUN G. PINTO, SR., CPI INVESTIGATIONS,

> *Defendants-Appellees*.

---

FOR APPELLANT:                          BERNARD BLACK, pro se, Evanston, IL.

FOR APPELLEE:                                    ROBERT M. FANTONE, JR., Andrew L.
                                                 Mancilla (*on the brief*), Mancilla &
                                                 Fantone, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment appealed from entered on September 22, 2021 is hereby **AFFIRMED**.

Plaintiffs-appellants, Bernard Black, appearing pro se,[1] and Samuel H. Black appeal from the district court's grant of summary judgment to defendants-appellees Cherie Wrigley, Esaun G. Pinto, Sr., and CPI Investigations. Samuel Black serves as a trustee of a Supplemental Needs Trust (SNT) established for the benefit of Joanne Black because of her mental health.[2] Bernard Black is Joanne Black's brother. Samuel H. Black is Bernard's son and Joanne's nephew. Cherie

---

[1] Although Bernard Black is a nominal party in this case, we note that he is a lawyer and is admitted *pro hac vice* to appear in this case.

[2] Bernard Black was suspended from his role as co-trustee of the SNT by the Denver Probate Court in January 2018. *See Black v. Black*, 482 P.3d 460, 471, 482–84 (Colo. App. 2020) (affirming decision). He asserted in his oral argument in this appeal that that the Denver Probate Court order suspending him as co-trustee has lapsed by operation of law, but he does not contend that the Colorado court, or any other court, has ended the suspension or reinstated him as trustee. We do not purport to resolve questions surrounding his status because there is no dispute that Samuel Black continues to serve as trustee of the SNT and is authorized to pursue this action in that capacity. Any generic reference in this Order to "Black" refers to Samuel Black as trustee of the SNT.

Wrigley is Joanne's cousin. And Esaun Pinto is vice president of CPI Investigations and has known Joanne for approximately twenty years.

Black sued defendants for allegedly defrauding the SNT of monies they purportedly used for Joanne's care and supervision. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

We review a grant of summary judgment without deference to the district court, resolving all ambiguities and "drawing all reasonable inferences" against the moving party. *Bey v. City of New York*, 999 F.3d 157, 164 (2d Cir. 2021). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). When the burden of persuasion at trial is on the non-moving party, the party moving for summary judgment may satisfy their burden of production "by demonstrating that the non-moving party's evidence is insufficient to establish an essential element of the non-moving party's claim." *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107,

114 (2d Cir. 2017).[3] The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party must cite "specific facts showing that there is a genuine issue for trial." *Beard v. Banks*, 548 U.S. 521, 529 (2006).

On appeal, Black's arguments focus on several sets of related allegations: (1) Pinto and his two associates traveled to Colorado in April of 2013 to locate and bring Joanne to the East Coast, but they did not work the hours reflected in invoices Pinto submitted to Black; (2) Pinto invoiced Black for expenses he did not in fact incur; (3) Pinto withdrew money from Joanne's Chase and Wells Fargo bank accounts and improperly used these funds for his own purposes; (4) Pinto improperly arranged to serve as Joanne's Representative Payee for purposes of receiving her Social Security Disability Insurance (SSDI) payments and improperly used these for his own purposes; and (5) Pinto invoiced Black for visiting Joanne three times per week after she returned to the East Coast when he did not in fact do so. On the basis of these alleged facts, Black contends that Pinto, and Wrigley as an aider and abettor, are liable for (i) fraud, (ii) fraud by omission, (iii)

---

[3] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

4

fraudulent misrepresentation, (iv) constructive fraud, (v) negligent misrepresentation, (vi) unjust enrichment, (vii) money had and received, and/or (viii) conversion.[4] For the following reasons, we agree with the district court that summary judgment in favor of defendants is proper.

## I. Colorado Services

The district court properly awarded defendants summary judgment on all claims relating to the Colorado-related services because Black has not cited any evidence supporting his contention that the hours reported on the invoices for the Colorado-related services were overstated or contradicting Pinto's affidavit testimony that they were not. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (explaining that, although the moving party has the burden of proving no genuine dispute of material fact, "the burden on the moving party may be discharged by showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case"); *Sioson v. Knights of Columbus*, 303 F.3d 458, 460 (2d Cir. 2002) (per curiam) (explaining that this Court will generally decline to "scour the record" for evidence to support a party's arguments where the party fails to cite record evidence).

---

[4] Black did not make a breach of contract claim, and he did not assert each of the above causes of action with respect to each particular set of factual allegations.

Instead, Black argues that a jury could infer that the hours Pinto billed (and Black paid) were necessarily inflated from the face of the invoice Pinto submitted. The invoice, in relevant part, reflects charges for: "Pinto: Protection Hours from 4/12, 4pm to 4/19, 1am (153 hrs @ $150 per hour)" and "Driver: 4/17, 4pm to 4/19, 1am (33 hrs @ $50 per hour)." *See* Attachment 4 to Declaration re Motion for Summary Judgment at 1, *Black v. Wrigley*, No. 16-cv-430 (E.D.N.Y. Feb. 22, 2021), ECF No. 88-4. Black argues that this invoice is self-evidently overbilling because it is "physically impossible" to work 33 hours in a 33-hour timeframe or 153 hours in a 153-hour timeframe. *See* Appellants' Br. at 55-56.

But in the context of traveling from the East Coast to Colorado to retrieve Joanne, including potentially caring for her around the clock, the invoice on its face, without more, is not enough to support a non-speculative inference that Pinto improperly inflated the bill for his and his associate's time. Black has not proffered any evidence that Pinto or his associate were not with and caring for Joanne throughout their time in Colorado. Black likewise cites no evidence to support his implicit claims that (1) Pinto was not entitled to compensation for hours when Joanne was in his care but he was sleeping, and he was not entitled to compensation for his driver during hours when his driver was not actually operating a vehicle, and (2) Pinto knew that he was not entitled to compensation

6

for such hours but knowingly claimed compensation for those hours anyway. On this record, even affording Black the benefit of all reasonable inferences, Pinto's invoice on its face is insufficient to raise a material issue of fact to support any of Black's legal claims.[5]

## II. Overbilling for Expenses

For similar reasons, we reject Black's argument that the bills Pinto submitted, and Black paid, for out-of-pocket expenses were self-evidently false. Black relies on the facts that Pinto reported the expenses in round numbers and that Pinto has not proffered specific documentation to support the claimed expenses. But he has offered no evidence to counter Pinto's sworn testimony that he incurred every expense listed in his invoices; no evidence that, to the extent that he used round numbers, Pinto rounded "up" in accounting for his expenses; and no evidence to support his view that Pinto's failure to provide receipts to support

---

[5] Black argues that we should not consider Joanne's uncontradicted affidavit testimony in support of defendants on this and other points because much of her testimony does not rest on her firsthand knowledge and some relates to events that took place at a time when her mental health was unstable. We need not reach this issue. Even without considering Joanne's uncontradicted testimony, we conclude that Black has failed to present sufficient evidence to enable a reasonable jury to find in his favor as to his claims arising from the Colorado services, the expenses for which Pinto sought and received reimbursements, and Pinto's bank account withdrawals. *See Celotex Corp.*, 477 U.S. at 325.

the expenses that he claimed, and Black paid, reasonably supports an inference that he falsified his invoices.

We do not suggest that a party's inability or failure to provide information in response to reasonable inquiries can never support an inference that creates a dispute of fact. But here, Black does not, for example, proffer discovery responses in which Pinto gives evasive or deceptive answers to questions about the expenses for which he billed Black[6] or even an agreement requiring Pinto to document the expenses he invoices. Instead, Black essentially argues that because Pinto has not provided receipts to support his invoices, a genuine dispute exists as to whether the invoices were accurate—an argument that essentially seeks to assign Black's burden of production and persuasion to defendants.

As the defendant in this case, it is not Pinto's burden to disprove Black's allegations. *See D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998) ("The non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful."); *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 257 (1986)

---

[6] The only discovery response Black cites to show that Pinto's responses were deceptive relates to Joanne's SSDI benefits. The only discovery request in the record relating to the *expenses* Pinto billed was met with an objection, which does not constitute evidence and cannot without more create a dispute of fact.

("[T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment.").

### III. Withdrawals from Joanne's Bank Accounts

For the same reasons, defendants are entitled to summary judgment with respect to Black's claims relating to Pinto's withdrawals from Joanne's Chase and Wells Fargo bank accounts. Black identifies numerous withdrawals Pinto made from Joanne's bank accounts that Black alleges Pinto diverted to his own use.[7] As the district court explained, the evidence Black cites in support of his argument demonstrates only that money was withdrawn from Joanne's bank accounts but does not show that Pinto used those funds for anything other than Joanne's expenses. Instead, Black states in his declaration that Pinto did "not provide any specific evidence on how, if at all, these funds were used for Joanne's benefit or returned to Joanne." Jt. App'x 234 ¶ 7.

Again, as the defendant, Pinto was not required to prove he did not misuse Joanne's funds. *See D'Amico*, 132 F.3d at 149; *Anderson*, 477 U.S. at 256–57. Black

---

[7] Black does not suggest that Pinto was not authorized to use Joanne's debit card to access her accounts, but Black does allege that Pinto appropriated the funds he withdrew to his own use, rather than using them for Joanne's benefit. Because we conclude that Black has not provided sufficient evidence to create a genuine dispute of material fact, we do not decide whether Black has standing to pursue the various claims alleged solely on the basis that the SNT contributed funds to the bank accounts from which Pinto allegedly withdrew funds for his own use.

identifies Pinto's withdrawals from Joanne's bank accounts, but that alone is insufficient to establish that he misused the funds and that he is liable for fraud by omission; negligent misrepresentation; fraudulent misrepresentation; money had and received; and unjust enrichment. *See Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 181 (2d Cir. 2007) (explaining that fraud by omission under New York law requires material misrepresentation and reasonable reliance); *see also Hydro Invs., Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 20 (2d Cir. 2000) (explaining that negligent misrepresentation under New York law also requires, among other things, material misrepresentation and reasonable reliance); *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 186 (2d Cir. 2004) (explaining that fraudulent misrepresentation under New York law also requires material misrepresentation and reasonable reliance); *Middle E. Banking Co. v. State St. Bank Int'l*, 821 F.2d 897, 906 (2d Cir. 1987) (explaining that money had and received under New York law requires that defendant have received and benefitted from money from plaintiff and, under principles of equity, defendant should not be permitted to keep the money); *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004) (explaining that unjust enrichment under New York law requires a similar showing).

In short, Black has not cited sufficient evidence in the record to support an inference that Pinto used funds from Joanne's bank accounts for his own purposes or to establish the essential elements of his various claims.[8]

### IV. Visits with Joanne

Summary judgment is also proper as it relates to all causes of action resting on the allegation that Pinto billed for more visits than he actually conducted with Joanne when she was housed in two different facilities. Black contends that by invoicing the SNT, Pinto represented that he visited Joanne three times per week, but he actually visited her less often. Black points to evidence that from May 22 to October 23, 2014, the visitor log where Joanne was living showed an average of only 1.2 visits per week from Pinto.[9]

Like the district court, we conclude that Black has not presented evidence creating a genuine dispute of fact as to the time period from June through December 2013, when Pinto billed for his services on an hourly basis. Black does

---

[8] Insofar as Bernard Black was removed as Joanne's financial conservator in 2015, and the SNT did not fund or receive Joanne's SSDI benefits, Black is not a proper plaintiff to pursue claims based on Pinto's alleged misuse of or failure to account for Joanne's SSDI funds. Even if Black could properly pursue claims based on Pinto's alleged misuse of the SSDI monies, his claims would fail for the same reasons as noted above.

[9] The frequency of Pinto's visits throughout this period is disputed. Pinto testified that for various reasons he did not always sign in. He also testified that the frequency of his in-person visits decreased in 2014 relative to 2013, and that he did not agree to visit three times per week once he began working for a monthly flat rate.

not identify any evidence that Pinto did not, in fact, visit Joanne thrice weekly during this period. Given the dynamic nature of the facts, the visitor logs from May through October 2014 are insufficient to support a reasonable inference as to Pinto's number of visits in the latter half of 2013.

Although Black has raised a dispute of fact as to Pinto's number of visits in 2014, even viewing the disputed facts in the light most favorable to Black, he has not stated a claim with respect to any of his causes of action.

### a. Fraud-based Claims—January to September 2014

Black cannot make a claim for fraud relating to the period from January through September 2014, when Pinto billed a monthly flat rate of $8,000 at the beginning of each month for his services for Joanne. "New York distinguishes between a promissory statement of what will be done in the future that gives rise only to a breach of contract cause of action and a misrepresentation of a present fact that gives rise to a separate cause of action for fraudulent inducement." *Merrill Lynch & Co. Inc.*, 500 F.3d at 184. Viewing the disputed facts in the light most favorable to Black, because Pinto's 2014 invoices represented charges for promised future conduct, any successful claim that he made a commitment to visit three times per week and failed to fulfill that commitment would rest on breach of contract—not fraud.

### b. Unjust Enrichment and Money Had and Received

We also agree with the district court that summary judgment for defendants

on Black's unjust enrichment and money had and received claims was proper, but

for different reasons.[10]

The parties do not dispute the district court's characterization of their

relationship as contractual.[11] The New York Court of Appeals has explained that

a claim of unjust enrichment is a "quasi-contract" claim, meaning "an obligation

the law creates in the *absence* of any agreement." *Goldman v. Metro. Life Ins. Co.*,

841 N.E.2d 742, 746 (N.Y. 2005) (emphasis added). Where a matter is controlled

by an enforceable contract between parties, a claim of unjust enrichment does not

lie. *Id.*; *see also Gargano v. Morey*, 86 N.Y.S.3d 595, 599 (2d Dep't 2018) ("A cause of

action for money had and received is similar to a cause of action to recover

damages for unjust enrichment, the essence of which is that one party has received

money or a benefit at the expense of another."); *Parsa v. State of New York*, 474

N.E.2d 235, 237 (N.Y. 1984) ("[Money had and received] is not an action founded

on contract at all; it is an obligation which the law creates in the absence of

---

[10] *See Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993) ("[This Court] may affirm . . . on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely.").

[11] The parties dispute the *terms* of the contract, not the *existence* of a contract.

agreement when one party possesses money that in equity and good conscience [that party] ought not to retain and that belongs to another.").

Because Black's claims for unjust enrichment and money had and received are based on Pinto's alleged failure to perform services he had contracted to perform, Black is foreclosed from recovering on a theory of unjust enrichment or money had and received absent an exception to the general principle cited above. Even if an agreement secured through fraudulent misrepresentation constitutes an exception to this general rule, for the reasons set forth above, Black has failed to create a genuine dispute of fact with respect to his fraud claims.[12]

\* \* \*

---

[12] On appeal, Black does not challenge the district court's conclusion that his conversion claim relating to Pinto's alleged overbilling for visiting Joanne fails because he presented no evidence of demanding repayment. For that reason, we need not address this claim on appeal. *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 279 (2d Cir. 2009) (explaining that issues inadequately raised in briefs are deemed waived on appeal). Even if Black's general challenges to the district court's order regarding his charges for visiting Joanne sufficiently preserve a challenge on the conversion claim, we see no error in the district court's reasoning. *See Thyroff v. Nationwide Mut. Ins. Co.*, 360 F. App'x 179, 180 (2d Cir. 2010) ("Where the original possession is lawful, a conversion does not occur until the defendant refuses to return the property after demand or until he sooner disposes of the property.").

We have considered Black's remaining arguments and conclude that they are without merit.  For the reasons stated above, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court